LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

GALINDO RAMIREZ
*on behalf of himself, FLSA Collective Plaintiffs*,

        Plaintiff,

  v.

DIVAN INC.,
   d/b/a GALATA MEDITERRANEAN CUISINE,
FETULLAH ANAR, MUSTAFA BOZ,
UCEL Y YUKSEL, and HUSEYIN BOZ

        Defendants.

---

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, GALINDO RAMIREZ ("Plaintiff" or "RAMIREZ"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Collective Action Complaint against Defendants DIVAN INC., d/b/a. GALATA MEDITERRANEAN CUISINE ("Corporate Defendant"), FETULLAH ANAR, MUSTAFA BOZ, UCEL Y YUKSEL, and HUSEYIN BOZ, ("Individual Defendants" and together with Corporate Defendants, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343.

3. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

4. Plaintiff RAMIREZ is a resident of Bronx County, New York.

5. Upon information and belief, Corporate Defendant, DIVAN, INC., d/b/a GALATA RESTAURANT, INC., is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process at 212 East 34th Street New York, New York 10016.

6. Upon information and belief, Defendant FETULLAH ANAR is the Chairman or Chief Executive Officer of Corporate Defendant DIVAN, INC. He exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, Defendant FETULLAH ANAR exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

7. Upon information and belief, Defendant MUSTAFA BOZ is a principle of Corporate Defendants Corporate Defendant DIVAN, INC. Defendant MUSTAFA BOZ exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs.

With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

8. Upon information and belief, Defendant UCEL Y YUKSEL is a principle of Corporate Defendants Corporate Defendant DIVAN, INC. Defendant UCEL Y YUKSEL exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

9. Upon information and belief, Defendant HUSEYIN BOZ is a principle of Corporate Defendants Corporate Defendant DIVAN, INC. Defendant HUSEYIN BOZ exercised control over the terms and conditions of Plaintiff's employment and those of FLSA Collective Plaintiffs. With respect to Plaintiff and other FLSA Collective Plaintiffs, he exercised their power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

10. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

11. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including, but not limited to delivery persons, dishwashers, waiters, runners, food preparers, cooks, cashiers and general

helpers) employed by Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper wages due to time shaving, and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.  The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

15. On or about June 2016, Plaintiff RAMIREZ was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' restaurant located at 212 East 34th Street New York New York, 10016.

16. On or about December 1, 2016, Plaintiff RAMIREZ was promoted to a cook and continued working for Defendants until on or about December 2018.

17. Throughout his employment with Defendants, Plaintiff RAMIREZ worked well over forty (40) hours each week, and worked over ten (10) hours each day.

18. Specifically, Plaintiff RAMIREZ worked the following schedule during his employment:

   a) From June 2016 until May 2018, Plaintiff worked from 1:00 p.m. until 11:00 p.m. six (6) days per week, for total of sixty (60) hours each week.

   b) From June 2018 until the end of his employment, Plaintiff worked from 2:30 p.m. until 10:30 p.m. six (6) days per week, for total of forty-eight (48) hours each week.

19. Plaintiff RAMIREZ received his compensation on a weekly salary basis at the following rates:

   a) From June 2016 until November 2016, Plaintiff received a fixed weekly salary of $500.

   b) From December 2016 until December 2017, Plaintiff received a fixed weekly salary of $750.

   c) From January 2018 until the end of his employment, Plaintiff received a fixed weekly salary of $850.

20. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation.

21. Defendants knowingly and willfully violated Plaintiff RAMIREZ's rights by paying him on a salary basis because Plaintiff RAMIREZ is a non-exempt employee who must be paid on an hourly basis under the FLSA. During this term, Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half).

22. Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIMS

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff realleges and reavers Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

25. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

26. Upon information and belief, at all relevant times, Corporate Defendant DIVAN INC. had a gross revenue in excess of $500,000.

27. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

28. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

29. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiff and FLSA Collective Plaintiffs

intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

30. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

31. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

32. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

33. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages, plus an equal amount as liquidated damages.

34. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

    a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    b.    An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of statutory penalties, and prejudgment and postjudgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 28, 2019

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:   /s/ C.K. Lee
         C.K. Lee, Esq. (CL 4086)